IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY LUCERO,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　No. 23-cv-00753-JCH-GBW

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO, FNU RIOS,

    Respondents.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court on Petitioner Jerry Lucero's 28 U.S.C. § 2254 habeas petition, filed September 5, 2023 (Doc. 1) (Petition). In a previous Memorandum Opinion and Order, the Court reviewed the Petition, and required Lucero to show cause why this case should not be dismissed for failure to file within the one-year limitation period. (Doc. 8) ("Screening Ruling"). Having reviewed the Letter that serves as Lucero's response (Doc. 9), the Court concludes that Lucero has failed to overcome the time bar or show that the Petition is timely. This case will therefore be dismissed with prejudice.

**I. Procedural Background.**[1]

In October 2008, a jury found Lucero guilty of criminal sexual contact of a minor under the age of thirteen. *See* case no. D-412-CR-2007-00315, Verdict (10/1/2008). On December 11, 2008, the state court entered a judgment, sentencing Lucero to fifteen years imprisonment with five years

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Lucero's state court criminal dockets, case no. D-412-CR-2007-00315, A-1-CA-29211, and S-1-SC-32746. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

suspended for a total of ten years of incarceration. *See* case no. D-412-CR-2007-00315, Judgment and Sentence (12/11/2008) (the "Judgment"). Lucero timely filed a direct appeal, and the New Mexico Court of Appeals affirmed his conviction on October 18, 2010. *See* case no. A-1-CA-29211, Memorandum Opinion (10/18/2010). Pursuant to Rule 12-502 NMRA, Lucero had thirty days within which to file a petition for a writ of certiorari in the New Mexico Supreme Court. He did not timely file a petition, and the Judgment became final on November 17, 2010, the first business day after the expiration of the certiorari period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the appeal period). In December 2010, Lucero filed a motion for *nunc pro tunc* extension of time to file a petition for a writ of certiorari in the New Mexico Supreme Court, which was denied on December 14, 2010. *See* case no. S-1-SC-32746, Motion (12/13/2010); Order (12/14/2010). The state court dockets do not show that Lucero pursued further challenges to his conviction.

Lucero commenced this federal habeas case on September 5, 2023, by filing the Petition presently before the Court. (Doc. 1). In the Petition, Lucero challenges the validity of his appearing to argue that he received ineffective assistance of counsel and due process violations. The Court screened the petition pursuant to Habeas Corpus Rule 4 and concluded in the Screening Ruling that the limitation period began to run no later than November 17, 2010, when the conviction became final, there was no discernable tolling activity during the next year, and the one-year period expired on November 17, 2011. The court set a deadline of May 2, 2024, for Lucero to show cause in writing why the Petition should not be dismissed as untimely. In response, Lucero filed a Letter arguing the merits of his § 2254 claims, but not the timeliness of the Petition. (Doc. 9).

## II. Timeliness of the § 2254 Petition.

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Additionally, equitable tolling may be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, the limitation period began to run no later than November 17, 2010, when the conviction became final. *See Locke*, 237 F.3d at 1271-1273. There was no discernable tolling activity during the next year, and the one-year period expired on November 17, 2011. The Petition, filed September 5, 2023, is therefore time-barred. As Lucero's Letter does not refute this analysis or otherwise seek to overcome the time bar, Lucero has effectively conceded that the Petition is untimely, and that grounds for equitable tolling do not exist. This case will therefore be dismissed. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*… [H]abeas proceedings are different from ordinary civil

3

litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

As the time bar conclusion is not reasonably debatable, the Court will also deny a certificate of appealability under Habeas Corpus Rule 11. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Jerry Lucero's 28 U.S.C. § 2254 habeas petition, filed September 5, 2023, **(Doc. 1)** is **DISMISSED** with prejudice; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing this case.

_____
SENIOR UNITED STATES DISTRICT JUDGE